52 A.3d 170

IN THE MATTER OF MARK G. YATES, AN ATTORNEY
AT LAW (ATTORNEY NO. 022361980).

September 26, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–003, concluding that **MARK G. YATES** of **FLEMINGTON,** who was admitted to the bar of this State in 1980, should be censured for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And **MARK G. YATES** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a three-month suspension from practice of law is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **MARK G. YATES** is suspended from the practice of law for a period of three months, and until the further Order of the Court, effective October 26, 2012; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.